UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00124-MR

| TOMMY STOUT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| RONNIE LANE HUNEYCUTT, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. [Doc. 23].

## I. BACKGROUND

Pro se Plaintiff Tommy Stout ("Plaintiff") was a prisoner of the State of North Carolina incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on September 6, 2022, against Defendants Ronnie Huneycutt, Eric Dye, Jeffrey Duncan, and Darren Daves, all identified as officials at Alexander. [Doc. 1]. Plaintiff's Eighth Amendment excessive force claim against the Defendants survived initial review and Plaintiff's remaining claims were dismissed. [Doc. 8]. Defendants were served with

Summons and Complaint. [Docs. 14, 18].

On February 6, 2023, Defendants filed a Suggestion of Death of Plaintiff and attached Plaintiff's Offender Information from the North Carolina Department of Adult Corrections (NCDAC) website showing that Plaintiff died on January 18, 2023. [Docs. 19, 19-1]. Defendants served the Suggestion of Death on Plaintiff's heirs, including his sons Cameron Ingle and Randall Stout. [See Doc. 19 at 2]. The same day, mail sent by the Clerk to Plaintiff was returned as undeliverable due to Plaintiff being "deceased." [Doc. 20]. A week later, the Court granted Defendants' motion for an extension of time to answer Plaintiff's Complaint to May 9, 2023. [2/16/2023 Text Order; Doc. 21]. The Clerk mailed Plaintiff a copy of that Order the same day. On March 7, 2023, that Order was also returned as undeliverable for the same reason. [Doc. 22]. Plaintiff did not respond to the Suggestion of Death and Plaintiff's estate has not moved to substitute as the Plaintiff in this matter. On May 9, 2023, Defendants moved to dismiss this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, arguing that the action must be dismissed for Plaintiff's estate's failure to timely substitute in this action. [Docs. 23, 24]. There has been no response and the deadline to do so has expired.

## II. DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party dies … the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the act by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). See Sneed v. United States, 1:19-cv-35-MOC-WCM, 2019 WL 4440002, *2 (W.D.N.C. Sept. 16, 2019) (dismissing action where deceased plaintiff's successor failed to move to substitute as plaintiff within 90 days).

Here, Plaintiff died on January 18, 2023. [See Doc. 19-1]. On February 6, 2023, Defendants filed a Suggestion of Death and served in on Plaintiff's children, who are believed to be his heirs. [Doc. 19]. Under Rule 25(a)(1), Plaintiff's successor or representative was, therefore, required to move to substitute as the Plaintiff in this action by Monday, May 8, 2023. The deadline has expired, and no one has moved to substitute as a proper Plaintiff in this matter. The Court, therefore, must dismiss this action. As such, the Court will grant Defendants' motion to dismiss.

3

Case 5:22-cv-00124-MR   Document 25   Filed 05/30/23   Page 3 of 4

## III. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendants' motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Doc. 23] is **GRANTED** and this action is hereby **DISMISSED without prejudice**.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 29, 2023

Martin Reidinger
Chief United States District Judge